UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

DALE RICKY HERMAN,

        Plaintiff,

v.

JAMIE CORRIGAN et al.,

        Defendants.
_____/

Case No. 2:25-cv-157

Honorable Jane M. Beckering

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim. The Court will also deny Plaintiff's motion requesting to serve the complaint (ECF No. 3).

## Discussion

**I.**    **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. The

events about which he complains occurred at that facility. Plaintiff sues URF Warden Jamie Corrigan and URF Correction Officer Unknown Party "John Doe." (Compl., ECF No. 1, PageID.2.)

Plaintiff alleges that, on February 3, 2025, he learned that a letter sent to him by his Public Defender dated January 28, 2025, had been opened and destroyed by the MDOC. (*Id.*) Plaintiff further alleges that he never gave URF staff the authority to open his legal mail outside of his presence. (*Id.*)

As relief for the claims detailed in Plaintiff's complaint, Plaintiff seeks compensatory and punitive damages. (*Id.*, PageID.2.)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to

relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Here, Plaintiff alleges that, on one occasion, Plaintiff's legal mail was opened outside of his presence and destroyed. The Court construes Plaintiff's complaint as asserting a claim under the First Amendment.

"A prisoner's right to receive mail is protected by the First Amendment." *Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992) (citing *Pell v. Procunier*, 417 U.S. 817, 822 (1974)). "Mail is one medium of free speech, and the right to send and receive mail exists under the First Amendment." *Al-Amin v. Smith*, 511 F.3d 1317, 1333 (11th Cir. 2008) (citing *City of Cincinnati v. Discovery Network, Inc.*, 507 U.S. 410, 427 (1993)). A prisoner, however, retains only those First Amendment freedoms which are "not inconsistent with his status as a prisoner or with legitimate penological objectives of the corrections systems." *Martin v. Kelley,* 803 F.2d 236, 240 n.7 (6th Cir. 1986) (*quoting Pell*, 417 U.S. at 822); *see Turner v. Safley,* 482 U.S. 78 (1987). Those legitimate penological objectives include prison security and the objective of maintaining a secure

prison allows "prison officials [to] open prisoners' incoming mail pursuant to a uniform and evenly applied policy . . . ." *Lavado v. Keohane*, 992 F.2d 601, 607 (6th Cir. 1993).

But legal mail may impact a "prisoner's legal rights, the attorney-client privilege, or the right of access to the courts." *Sallier v. Brooks*, 343 F.3d 868, 874 (6th Cir. 2003) When those rights are at stake, a "prison official[']s unfettered discretion to open and read an inmate's mail because [of] a prison's security needs do[es] not automatically trump a prisoner's First Amendment right to receive mail . . . ." *Id*. To protect those rights, courts have extended protections to prisoners' legal mail that do not exist for general mail. For example, "the opening of 'legal mail' should generally be in the inmate's presence." *Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996) (citing *Wolff v. McDonnell*, 418 U.S. 539, 576–77 (1974)).

"[W]hat constitutes 'legal mail' is a question of law." *Sallier*, 343 F.3d at 871. "Mail from an attorney . . . is legal mail as a matter of law." *ACLU Fund of Mich. v. Livingston Cnty.*, 796 F.3d 636, 643 (6th Cir. 2015) (citing *Sallier*, 343 F.3d at 877). This includes where the attorney does not have an established attorney-client relationship. *See id.* Plaintiff's allegations suffice to show that the mail at issue here is "legal mail."

The Sixth Circuit has held that "'blatant disregard' for mail handling regulations concerning legal mail violates constitutional protections," *Merriweather v. Zamora*, 569 F.3d 307, 317 (6th Cir. 2009) (citing *Lavado*, 992 F.2d at 609), and that "[t]wo or three pieces of mail opened in an arbitrary or capricious way suffice to state a claim." *Id.* (citing *Sallier*, 343 F.3d at 879–80; *Lavado*, 992 F.2d at 609). However, "isolated instances of interference with prisoners' mail" may not rise to the level of a constitutional violation under the First Amendment. *See Johnson v. Wilkinson*, No. 98-3866, 2000 WL 1175519 (6th Cir. Aug. 11, 2000) ("This random and isolated interference with Johnson's mail did not violate his constitutional rights." (citation omitted)); *see*

4

*also Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997) (holding that an "isolated incident, without any evidence of improper motive resulting interference with [the inmate's] right to counsel or to access to the courts, does not give rise to a constitutional violation" (citations omitted)); *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003) (stating that "Okoro was only able to provide one specific incident where he allegedly did not receive the full contents of a letter from his wife," and concluding that "[s]uch a random and isolated incident is insufficient to establish a constitutional violation" (citation omitted)); *cf. Colvin v. Caruso*, 605 F.3d 282, 293 (6th Cir. 2010) (citing *Johnson* for the holding that "isolated interference" with prisoners' rights may not rise to the level of a First Amendment violation). Recently, in *Smith v. Goostrey*, No. 23-1025, 2023 WL 5024659 (6th Cir. Aug. 4, 2023), the Sixth Circuit, citing *Colvin*, confirmed that a single isolated event of tampering with legal mail "does not rise to the level of a constitutional violation." *Id*. at *3.

Here, Plaintiff alleges that his legal mail was opened outside of his presence and destroyed on a single occasion. These facts, accepted as true, do not suggest blatant disregard for mail handling. *See Anderson v. Andrews*, No. 2:09-cv-109, 2010 WL 3475030, at *8 (W.D. Mich. June 29, 2010) ("[T]he opening of one piece of properly marked legal mail outside the prisoner's presence is not enough to state a claim."), *R & R adopted*, 2010 WL 3474988 (Sept. 2, 2010). Accordingly, the Court concludes that Plaintiff has failed to state a claim for violation of his First Amendment legal mail rights.[1]

---

[1] Although not stated by Plaintiff in his complaint, the Court will generously presume that Plaintiff has named Defendant John Doe as the unknown individual responsible for opening and destroying Plaintiff's legal mail. However, as set forth above, Plaintiff fails to state a First Amendment claim regarding the opening and destroying of his legal mail on one occasion. As to Defendant Corrigan, Plaintiff makes no mention of Defendant Corrigan in the body of his complaint. In addition to Plaintiff's failure to state a First Amendment claim, generally, where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even

## **Conclusion**

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also deny Plaintiff's motion requesting to serve the complaint (ECF No. 3).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A Judgment consistent with this Opinion will be entered.

Dated:   August 20, 2025                      /s/ Jane M. Beckering
                                              Jane M. Beckering
                                              United States District Judge

---

under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights). Furthermore, government officials, such as Defendant Corrigan may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). Therefore, for these reasons as well, Plaintiff fails to state a claim against Defendant Corrigan.